# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT,           )<br>                                                    )<br>        Plaintiff,                           )<br>                                                    )<br>   v.                                           )<br>                                                    )<br>FIRST JUDICIAL CIRCUIT PROBATE )<br>DIVISION, *et al.*,                      )<br>                                                    )<br>        Defendants.                       ) | No. 1:24-cv-00044-MTS |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Larry Windeknecht's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]. Having reviewed the Application, the Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court will allow Plaintiff to proceed in forma pauperis in this matter. 28 U.S.C. § 1915(a). Reviewing the merits of Plaintiff's action, the Court will dismiss it under 28 U.S.C. § 1915(e)(2).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a civil detainee at the Sexual Offender Rehabilitation and Treatment Services Center in Farmington, Missouri. He brings this action under 42 U.S.C. § 1983 against the Probate Division of the First Judicial Circuit Court; the 32nd Judicial Circuit Court of Jackson, Missouri; Stacy Kinder ("Mayor of Cape Girardeau City and County");

Kara Clark Summers ("County Commissioner Clerk"); Clint Tracy ("Presiding Commissioner"); Charlie Herbt ("County Commissioner"); Paul Koeper ("County Commissioner"); and Liza Reilzel ("Public Administrator").[1]  Plaintiff sues Defendants in their individual capacities only.[2]

Plaintiff's claims stem from an April 2018 jury determination that Plaintiff is a sexually violate predator.  *See In re Larry Windeknecht*, No. 16CG-PR00247 (32nd Jud. Cir. 2016).  Following the verdict, the Circuit Court of Cape Girardeau County committed Plaintiff to the custody of the Director of the Department of Mental Health in accordance with Missouri's Sexually Violent Predator Act.  *Id.*[3]

Plaintiff asserts that the state court did not allow him to address the jurors during trial and that the "State Judicial Tribunal used the custom of not providing [him with] 'effective counsel,' to file his Direct Appeal, instead the Trial Counsel himself filed said Appeal."  Plaintiff continues:

> On December 20th, 2018, court appointed Attorney Mrs. Amy Lowe filed an appeal on behalf of this plaintiff said appeal was not verified nor signed by this Plaintiff.  So his Trial Court claims were not ever adjudicated or raised by Direct Appeal nor by Post Conviction Appeal depriving this Plaintiff of his Sixth Amend[ment] Rights leading to his entire Trial with error of constitutional dimensions creating the prejudice and cause later raised in the State Courts by this Plaintiff pursuant to *Martinez v. Ryan*, 566 U.S. 1.

---

[1] Defendants' job titles are indicated in parentheses as reported by Plaintiff in his Complaint.
[2] On page 11 of the Complaint, Plaintiff states that he "has been and will continue to be injured by the conduct of the Defendants named herein in their individual capacities[.]" Doc. [1] at 11.
[3] This information comes from Case.net, Missouri's online case management system.  The Court takes judicial notice of these public records.  *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

3

According to Plaintiff, "Appellate Counsel . . . refused to file a 60 motion or Transfer to the Supreme Court" after an unsuccessful appeal. Throughout the Complaint, Plaintiff repeatedly refers to a "*Monell* Claim" and suggests that Defendants used "a custom, ordinance, policy, practice or procedure" to deprive him of his right to effective assistance on appeal.

For relief, Plaintiff seeks (1) a declaration that Defendants' acts and omission violated his constitutional rights, (2) "$6,000,000 million dollars jointly" in compensatory damages, (3) $500,000 in punitive damages "jointly and severally against each named defendant," (4) a jury trial, and (5) recovery of his legal fees and costs.

## Discussion

Plaintiff's claim is not cognizable under § 1983. A prisoner may not recover damages in a § 1983 action where the judgment would necessarily imply the invalidity of his conviction, sentence, or ongoing imprisonment, unless the conviction or sentence has been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). While Plaintiff is not a prisoner, the U.S. Court of Appeals for the Eighth Circuit has recognized that *Heck* equally applies to civilly committed persons. *See Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017) (citing *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005)).

Here, Plaintiff directly challenges the constitutionality of his civil commitment. He states that he was "denied the right to address the jurors" and that the "State Judicial Tribunal" denied his "Sixth Amendment right to have effective counsel." He attributes his present confinement to the "depriv[ation] of his Constitutional Rights." He asserts that his "conviction and trial" were "unconstitutional because the State Judicial Tribunal used the custom of not providing [him] 'effective counsel' to file his Direct Appeal[.]"

A judgment in Plaintiff's favor in this matter would necessarily imply the invalidity of his current confinement, and Plaintiff does not assert that his civil commitment has been reversed, expunged, or otherwise called into question by issuance of a writ of habeas corpus. Thus, Plaintiff's claims are barred by *Heck v. Humphrey*. To the extent Plaintiff challenges the very fact of his confinement, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release).[4]

---

[4] Even if *Heck* did not bar this § 1983 action, it would fail because Plaintiff filed it outside the statute of limitations. *See Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir. 2005); *Hoelscher v. Huff*, 547 F. App'x 805, 806 (8th Cir. 2013) (per curiam).

5

Even putting *Heck* and *Preiser* aside, Plaintiff's Complaint also fails to state a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Plaintiff contends that the 32nd Judicial Circuit's "customs, ordinances, policies, practices, [and] procedures" deprived him of his right to counsel under the Sixth Amendment. He asserts that the remaining Defendants either created this policy or enforced it in some way. It is well established, however, that state courts are not vulnerable to suit under § 1983. *See Mildfelt v. Circuit Court of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) ("[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the Eleventh Amendment."). Additionally, *Monell* claims are not cognizable against officials in their individual capacities. *Shirley v. Marion Cnty. Sheriff's Off.*, 1:19-cv-01032-JPH-TAB, 2020 WL 2113409, at *2 (S.D. Ind. May 4, 2020) ("A *Monell* claim cannot be brought against an individual in his individual capacity."); *Sanders v. Splittorf*, 3:17-cv-00864-JPG, 2023 WL 2374370, at *3 (S.D. Ill. Mar. 6, 2023) ("As a general rule, *Monell* claims cannot proceed against an officer, in his or her individual capacity.").

### Motion for Leave to File Additional Claims

Plaintiff has filed a "Motion Requesting Leave of Court to File Additional Claims, Pleadings, and Exhibits Now Imputated [sic] to the State." Doc. [7]. In his motion, Plaintiff reiterates his belief that his civil commitment is unconstitutional and states that he now wishes to add the State of Missouri as a defendant. Such an amendment would be futile for the reasons discussed above. *See Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727 (8th Cir. 2019) (discussing denial of leave to amend on futility grounds); *see also*

6

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity.").

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Thus, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion Requesting Leave of Court to File Additional Claims, Pleadings, and Exhibits Now Imputated [sic] to the State," Doc. [7], is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot. Docs. [5] & [6].

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of July 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE